**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DENISE TUMELE,

    Petitioner,

v.                 Case Number: 08-CV-10282
                   Honorable Nancy G. Edmunds

SUSAN DAVIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I. INTRODUCTION**

    This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Denise Tumele, a state inmate currently incarcerated at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, filed this *pro se* habeas petition, alleging that she is incarcerated in violation of her constitutional rights. On December 11, 2003, pursuant to a plea agreement, Tumele pleaded no contest to arson of a dwelling house and three counts of uttering and publishing, in the Muskegon County, Michigan, circuit court. In exchange for her no-contest plea, the State agreed not to file other possible charges against her and also agreed to reduce her status as a habitual offender fourth to a habitual offender second. The trial court also entered into a *Cobbs*[1] agreement with Tumele, in which her minimum sentence for the uttering and publishing convictions would not exceed eighteen months, and her minimum sentence for the arson conviction would not exceed ten years.

    On January 12, 2004, Tumele was sentenced in accordance with the plea

---

    [1]*People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993).

agreement to a prison term of ten to thirty years for the arson conviction and eighteen months to twenty-one years for the uttering and publishing convictions. In her *pro se* pleadings, Tumele raises twelve claims, including but not limited to, improper sentencing and ineffective assistance of trial and appellate counsel. For the reasons stated below, the Court will deny the petition and will also decline to issue a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II. BACKGROUND

Following her sentencing, Tumele filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I. [Petitioner's] score for OV 2, Lethal Potential of the Weapon Possessed or Used, at fifteen points is plain error when the trial court treats the mere presence of gasoline as an explosive device.

II. [Petitioner's] score for OV 13, Continuing Pattern of Criminal Behavior, at ten points is plain error when the trial court includes in this score offenses committed well after the instant offense.

III. [Petitioner] was unconstitutionally denied effective assistance of counsel when trial counsel failed to object to the OV 2 and OV 13 score because [Petitioner] could have received a significantly lower minimum sentence.

On September 22, 2005, the Michigan Court of Appeals denied Tumele's delayed application for lack of merit in the grounds presented. *People v. Tumele*, No. 262063 (Mich.Ct.App. Sept. 22, 2005). Subsequently, Tumele filed an application for leave to appeal that decision in the Michigan Supreme Court. The Michigan Supreme Court denied the application on January 30, 2006, "because we are not persuaded that the questions presented should be reviewed by this Court." *People v. Tumele*, 474 Mich. 1026, 708

2

N.W.2d 410 (2006).

Subsequently, on or about August 25, 2006, Tumele filed a post-conviction motion, pursuant to Mich.Ct.R. 6.500 *et. seq.*, in the trial court, asserting that appellate counsel was ineffective for failing to raise the following seven issues on direct appeal: (1) she should be resentenced because of improper scoring of fifteen points for OV 2 and ten points for OV 14, ( 2) she signed a waiver of her right to a preliminary exam at a time when she was unable to read, (3) her attorney in the circuit court was not the same public defender she had in the district court, (4) her first public defender advised her that she would receive seven-and-one-half to ten years in prison, and that representation was not carried out, (5) trial counsel was ineffective because he failed to investigate the crime charged, failed to do discovery, failed to review the police report, and never advised her that she was being charged as a habitual offender, (6) trial counsel was ineffective for failing to request a mental competency hearing, and (7) appellate counsel did not file a timely application for leave to appeal with the Michigan Court of Appeals.

On September 7, 2006, the circuit court issued an order denying Tumele's post-conviction motion. *People v. Tumele*, No. 03-49405-FH (Muskegon County Circuit Court, Sept. 7, 2006).

Tumele filed a delayed application for leave to appeal the circuit court's decision in the Michigan Court of Appeals, raising the following ten claims:

I. Trial counsel was incorrect in having [Petitioner] sign a waiver of her right to a preliminary exam where [she] could not read so she did not know what she was signing.

II. The [Petitioner's] attorney was switched after the preliminary exam without [] [her] knowledge, and the promise that she was going to

>    receive seven-and-one-half to ten years no longer existed.
>
> III.   Trial counsel was ineffective for failing to investigate the crime charged.
>
> IV.    Trial counsel failed to seek discovery, review police reports and any material the [Petitioner] had a right to view.
>
> V.     Attorney Swanson failed to inform [Petitioner] that she was being charged [as a] habitual offender.
>
> VI.    Attorney Smedley was ineffective in that she failed to object to the scoring of OV 2 and she did not object to it increasing the minimum guideline range.
>
> VII.   Attorney Smedley was ineffective because she failed to ask the courts for a mental competency hearing and she relied on the government's version of facts.
>
> VIII.  Appellate counsel was ineffective because he failed to file the application for leave to appeal in a timely manner.
>
> IX.    Appellate counsel should have argued [Petitioner's] reason which did have merit on why her conviction should have been overturned or resentencing granted.
>
> X.     Appellate counsel should not have filed a frivolous motion and let [Petitioner's] appeal time expire knowing Judge Graves was not going to give [her] any relief because counsel did not present facts on her case.

On June 11, 2007, the Court of Appeals denied Tumele's delayed application for failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v Tumele*, No. 275873 (Mich.Ct.App. June 11, 2007). Tumele never appealed that decision to the Michigan Supreme Court. Nor did she file a writ of certiorari with the United States Supreme Court.

Rather, Tumele filed this habeas petition on January 18, 2008, challenging her

convictions on the following grounds:

    I.    [Petitioner's] score for OV 2, Lethal Potential of the Weapon Possessed or Used, at fifteen points is plain error when the trial court treats the mere presence of gasoline as an explosive device.

    II.    [Petitioner's] score for OV 13, Continuing Pattern of Criminal Behavior, at ten points is plain error when the trial court includes in this score offenses committed well after the instant offense.

    III.    [Petitioner] was unconstitutionally denied effective assistance of counsel when trial counsel failed to object to the OV 2 and OV 13 score because [Petitioner] could have received a significantly lower minimum sentence.

    IV.    [Petitioner] was denied effective assistance of trial counsel when her first court-appointed attorney fraudulently had her sign away her rights to a preliminary exam.

    V.    [Petitioner] was denied effective assistance of trial counsel when her first court-appointed attorney failed to obtain in writing the plea offer of seven-and-one-half to ten years by the prosecution.

    VI.    [Petitioner] was denied effective assistance of trial counsel when neither court-appointed attorney filed any pretrial motions to compel discovery for proper trial preparation.

    VII.    [Petitioner] was denied effective assistance of trial counsel when she was never informed of the prosecution's intent to seek enhancement as a habitual.

    VIII.    [Petitioner] was denied effective assistance of counsel when none of her court-appointed attorneys challenged the legality of the charge of arson of a dwelling.

    IX.    Trial counsel was ineffective for allowing [Petitioner] to plead guilty to the charge of arson of a dwelling when no factual basis existed for this offense when the elements were more likely to fit the offense of arson of personal property. The trial judge abused his discretion in accepting a plea to the charge of arson of a dwelling.

    X.    [Petitioner] was denied effective assistance of trial counsel when counsel failed to review the presentence report with [Petitioner] prior to sentencing and the trial judge was informed of this and did not recess the court for a small break to allow trial counsel to review the

[report] with [Petitioner].

XI. [Petitioner] was denied her right to effective assistance of appellate counsel when appellate counsel failed to raise all these [a]fore-mentioned meritorious issues on direct appeal.

XII. [Petitioner] was denied effective assistance of appellate counsel for his failure to raise on direct appeal the issue of the trial court's abuse of discretion for denying [Petitioner's] request to terminate her trial counsel and withdraw her plea before sentencing in violation of her constitutional rights.

## IV. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state-court decisions. Specifically, 28 U.S.C. § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under (d)(1), a federal court may grant a writ of habeas corpus under two different clauses, both of which provide two bases for relief. Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The words "contrary to" should be

6

construed to mean "diametrically different, opposite in character or nature, or mutually opposed." *Id.*

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts. *Williams*, 529 U.S. at 407-08. Relief is also available under this clause if the state court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.*, at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 407; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

In analyzing whether a state court decision is "contrary to" or an "unreasonable application" of clearly established Supreme Court precedent, a federal court may only look to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams*, 529 U.S. at 412.

## V. DISCUSSION

### A. Claims I and II–Sentencing Claims

In her first and second habeas claims, Tumele contends that the trial court improperly scored OV 2 (Claim I) and OV 13 (Claim II). These claims are not cognizable on habeas review. A habeas petitioner's claim that the trial court violated state law when sentencing him or her is not cognizable in habeas-corpus proceedings. *See Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th

Cir.1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrs.*, 4 F.3d 1348, 1354 (6th Cir. 1993).

Tumele's claims that the trial court improperly scored the guidelines range raises issues of state law that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D. Mich. 1999) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F.Supp.2d 992, 1009 (E.D. Mich. 1999) (same); *see also*, *Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review). Accordingly, the Court concludes that Tumele is not entitled to habeas relief on claims I and II.

### B. Claim III–Ineffective Assistance of Trial Counsel

In her third habeas claim, Tumele contends that trial counsel was ineffective for failing to object, at sentencing, to the scoring of OV 2 and OV 13.

In order to establish ineffective assistance of counsel, a petitioner must show that his or her attorney's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court's decision in *Strickland* "qualifies as 'clearly established Federal law'" for purposes of evaluating ineffective-assistance-of-counsel claims. *Williams*, 529 U.S. at 391.

An attorney's performance is deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and if "counsel's representation fell below an objective standard of

8

reasonableness." *Strickland*, 466 U.S. at 687-88. The prejudice prong of *Strickland* requires Tumele to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "Unless a defendant makes both showings [deficient performance and resulting prejudice], it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Judicial scrutiny of a defense attorney's conduct is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (*per curiam*). A habeas petitioner must establish a violation of *Strickland's* two-pronged test and show that the state applied *Strickland* to the facts in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

In this case, Tumele cannot establish that trial counsel was ineffective in failing to challenge the scoring of the guidelines. Although trial counsel did not object, appellate counsel did raise the claims in Tumele's post-conviction motion. The trial court conducted a *Ginther*[2] hearing on March 21, 2005, and denied Tumele's motion, thereby denying her objections to the scoring of OV 2 and OV 13. Moreover, she fails to demonstrate that a correction to the scoring would have resulted in a lower minimum sentence. Even if OV 2 was scored at 0 rather than 15, and OV 13 was scored at 0 rather than 10, Tumele's guidelines range for her minimum sentence would have been 72 to 150 months. Therefore, her minimum sentence of 120 months would still have been within the amended guidelines

---

[2] *People v. Ginther*, 390 Mich. 436, 443, 212 N.W.2d 922 (1973).

range. Tumele cannot demonstrate that she was prejudiced as a result of trial counsel's failure to object to the scoring because she cannot show that but for counsel's inaction, her sentence would have been lower. The record makes clear that any challenge to the guidelines scoring would have failed.

Against that backdrop, the Court concludes that Tumele has failed to meet her burden. She is therefore not entitled to habeas relief on her ineffective-assistance-of-counsel claim.

### C. Remaining Claims–IV-XII

Respondent argues in her answer to the habeas petition that Tumele's remaining claims may not be reviewed on their merits in this Court because they are procedurally defaulted. Tumele first raised these claims in her post-conviction motion and the state courts denied relief pursuant to Mich.Ct.R. 6.508(D).[3]

> When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review.

*Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Picard v. Connor*, 404 U.S. 270, 275-80 (1971)). "[P]rocedural default results where three elements are satisfied: (1) the petitioner failed to comply with

---

[3]It appears that some of Tumele's defaulted claims were never asserted in the Michigan courts. However, because she already filed a post-conviction motion, she has no avenue through which she can exhaust those claims. The Court will therefore address these claims because pursuit of a state-court remedy would be futile. *Witzke v. Withrow*, 702 F.Supp. 1338, 1348 (W.D. Mich. 1988) (citing *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979)).

a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). All three elements of procedural default were satisfied in this case.

First, there is a state procedural rule applicable to Tumele's claims. Michigan Court Rule 6.508(D)(3) prohibits state courts from granting relief from judgment if the defendant alleges nonjurisdictional grounds that could have been raised on appeal from the conviction or sentence. An exception exists when the defendant demonstrates "good cause for failure to raise such grounds on appeal" and "actual prejudice from the alleged irregularities that support the claim for relief." Mich. Ct. R. 6.508(d)(3)(a) and (b). Tumele failed to comply with this rule by not raising the claims in the Michigan Court of Appeals on direct review.

Second, the state courts enforced the rule. The trial court, the Michigan Court of Appeals, and the Michigan Supreme Court relied on Rule 6.508(D) to deny relief when Tumele raised these claims on collateral review of her convictions. The state courts' reliance on Rule 6.508(D) is a sufficient basis for this Court to conclude that the orders were based on a state procedural bar. *Burroughs v. Makowski*, 282 F.3d 410, 413-14 (6th Cir. 2002).

When deciding whether the third element of procedural default (adequate and independent basis) is satisfied, courts ask "whether the state rule in question was 'firmly established and regularly followed.'" *Beard v. Kindler*, — U.S. —, 130 S.Ct. 612, 617

11

(2009) (citing *Lee v. Kemna*, 534 U.S. 362, 376 (2002) (quoting *James v, Kentucky*, 466 U.S. 341, 348 (1984)).  Rule 6.508(D) was enacted in 1989 and was "firmly established and regularly followed" before Tumele appealed her convictions.  And "[i]t is well-established in this circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan courts may rely in foreclosing review of federal claims." *Akrawi v. Booker*, 572 F.3d 252, 261 (6th Cir. 2009) (citing *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005)).

To summarize, all three elements of a procedural default are present in this case.  Tumele therefore must show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Tumele asserts that appellate counsel was ineffective as cause to excuse her failure to raise these claims on direct appeal.  However, the Court finds that she has not shown that appellate counsel was ineffective.

Constitutionally ineffective assistance of counsel is "cause" for a procedural default, but "[a]ttorney error short of ineffective assistance of counsel . . . does not constitute cause and will not excuse a procedural default." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 486-88 (1986)).  To provide effective assistance, an appellate attorney need not raise every nonfrivolous argument urged by the appellant if the attorney decides, as a matter of professional judgment, not to raise those arguments.  *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).  The "process of 'winnowing out weaker arguments on appeal and focusing on' those most likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477

U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52).

Furthermore, "it is difficult to demonstrate that an appellate attorney has violated the performance prong [of the *Strickland* test] where the attorney presents one argument on appeal rather than another. In such cases, the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). "Counsel's failure to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard*, 405 F.3d at 485 (citing *Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001)).

Here, Tumele has failed to show that, by omitting the claims contained in her post-conviction motion, appellate counsel's performance fell outside the wide range of professionally competent assistance. First, the plea transcript makes it clear that Tumele knowingly and understandingly pleaded no contest to the charges against her in exchange for a lenient sentence. There is nothing in the transcript that suggest that her plea was involuntary. Thus, appellate counsel focused on the sentence that was imposed, and more specifically, on the guidelines scoring. Tumele has failed to establish that appellate counsel's strategy in presenting certain claims and not raising others was deficient or unreasonable. Appellate counsel was not required to raise additional issues that do not have any more apparent merits than the ones that were raised. Moreover, none of the claims raised by Tumele in her post-conviction motion were "dead bang winners." Tumele is required to show that her appellate counsel was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (citing *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 508

U.S. 975 (1993)).

Against that backdrop, the Court concludes that Tumele has failed to establish cause for her procedural default of failing to raise her remaining claims on direct review. *See McMeans v. Brigano*, 228 F.3d 674, 682-83 (6th Cir. 2000). She has failed to demonstrate that her appellate attorney's inadequacy deprived her of victory. Moreover, any of the new errors Tumele alleges that appellate counsel missed are simply reiteration of the sentencing claims appellate counsel raised, or claims that would have been waived by virtue of her guilty plea. It is well-established that by voluntarily entering a plea, a petitioner is precluded from raising claims in her habeas petition alleging a denial of rights–constitutional or otherwise–prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).

Finally, Tumele has not demonstrated that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 479-80 . To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Tumele has made no such showing. Her claims are insufficient to invoke the actual innocence exception to the procedural default doctrine. *See Malcum v. Burt*, 276 F.Supp.2d 664, 677 (E.D. Mich. 2003). Because Tumele has not presented any new reliable evidence that she is innocent of these crimes, a miscarriage of justice will not occur if the Court declines to review her claims on the merits.

Additionally, to the extent that Tumele is raising her ineffective assistance of appellate counsel claim as an independent ground for relief, she is not entitled to the issuance of a writ of habeas corpus, for the reasons stated above. The state courts' rulings on Tumele's post-conviction motion granted her an adequate substitute for direct appellate review and therefore her attorney's failure to raise these claims on direct appeal did not cause her any injury. Tumele has therefore failed to show that she is entitled to habeas relief based upon an independent claim that appellate counsel was ineffective.

For the reasons stated, Tumele has failed to show that her claims have any merit; the claims are thus barred by procedural default and do not warrant relief.

### D. Certificate of Appealability

The Court will also decline to issue a certificate of appealability (COA) to Tumele. A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the

petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

The Court concludes that jurists of reason would not find its assessment of the substantive or procedural rulings debatable or wrong. The Court thus declines to issue Petitioner Tumele a COA. Nor should she be granted leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed.R.App.P. 24(a).

### VI. Conclusion

For the reasons stated above, this Court concludes that Petitioner Tumele is not entitled to federal habeas relief on the claims presented in her petition.

Accordingly, **IT IS ORDERED** that the "Petition for Writ of Habeas Corpus" is **DENIED WITH PREJUDICE**. (Dkt. # 1.)

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: March 17, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 17, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer  
Case Manager